IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF NORTH CAROLINA
CHARLOTTE DIVISION
CIVIL CASE NO. 3:24-cv-00501-MR

| | |
|---|---|
| ANUNEAKAS A. BARNETTE,[1] ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| vs. ) | |
| ) | |
| KAREN EADY-WILLIAMS, et al., ) | **ORDER** |
| ) | |
| Defendants. ) | |
| _____ ) | |

**THIS MATTER** is before the Court on initial review of Plaintiff's pro se Complaint [Doc. 1]. The Plaintiff is proceeding in forma pauperis. [Doc. 7].

**I.    BACKGROUND**

The pro se Plaintiff is an inmate of the State of North Carolina who is presently incarcerated at the Mecklenburg County Detention Center. He filed this action pursuant to 42 U.S.C. § 1983 in the United States District Court for the Eastern District of North Carolina. [Doc. 1]. The case was transferred to this District where venue lies. [Doc. 4]. The Complaint is now before the Court for initial review.

---

[1] "Anunekas Arsintchez Barnette" on the Mecklenburg County Sheriff's Office website. See https://mecksheriffweb.mecklenburgcountync.gov/Inmate/Details?pid=0000246119&jid=23-054015&activeOnly=True&lastName=barnette&maxrows=50&page=1 (last accessed June 24, 2024); Fed. R. Evid. 201.

The Plaintiff names as Defendants in their individual and official capacities: Karen Eady-Williams, a North Carolina Superior Court judge; Susan Surles, his criminal defense attorney; Garry McFadden, the Mecklenburg County Sheriff; and Evan Crossgrove, an assistant district attorney. He asserts claims for the violation of his Fifth, Eighth, and Fourteenth Amendment rights. [Doc. 1 at 5]. Specifically, he alleges as follows:

> I got detained on 7-31-2023 on 3 warrents upon serving those warrants the police searched my car and found a gun in the back of the jeep in a suitecase. It was me and another person in the jeep the police never asked who gun it was they charged me. I was never read my Maranda rights. The officers took my phone and other things from me. I made bond that night. On the night of 8-5-2023 I got arrested again and charged with a 2nd gun charge and per Sheriff Garry McFadden his law state if you get charged with 2 gun charges in 1 year you don't get a bond so when I went in front of Christopher Terry he didn't give me a bond on the 2nd gun charge. So I went to my next court date video arraignment I was given a $200,000 bond cruel and unusual punishment also Roy Cooper did not sign off on that to be a law or a bill! So now I get indictment came back on my 2nd gun charge before I was indicted on the 1st gun charge. So I was told by my lawyer that the reason that happened is they is putting a new e-court system in so they just automatically indicted everybody which isn't lawful, then I asked about a bond hearing I was told that the Superior Court judges are not hearing any bonds due to the e-court system being put into place so from 8-6-2023 to 12-11-2023 when I filed motions to fire my lawyer and requested a bond hearing then I got into court. all the time my lawyer aint file nothing for my rights being violated so that's why I want to fire her so the judge let my lawyer represent me even though I wanted to fire her to ineffective council so I was denied bond due to something 20 years ago and I did time for my lawyer

didn't say nothing in my defense so then on the matters of me firing her the judge told me no I had to keep someone my lawyer told me in Oct that she could not come see me due to her driving licenses being expire why do I want her as a lawyer the judge made me keep her now she trying to make me take time without all of the motion of discovery the Judge, D.A. and my lawyer know the law and know they have violated my rights.

I took a plea for time served 22 days in Sept now they want to give me the habitual felon, I've asked for my indictments and was told they were sent to me in Sept. I don't have them still and it's May 2024. Putting a system in should not stop people from going to court but it did kept me in here longer and got me indicted faster I know a grand jury didn't indict me on these charges.

[Id. at 5-7] (errors uncorrected). He seeks $80,000 from each Defendant and "charges taken off my records." [Id. at 8].

## II. STANDARD OF REVIEW

Because the Plaintiff is proceeding in forma pauperis, the Court must review the Complaint to determine whether it is subject to dismissal on the grounds that it is "frivolous or malicious [or] fails to state a claim on which relief may be granted." 28 U.S.C. § 1915(e)(2). Furthermore, under § 1915A the Court must conduct an initial review and identify and dismiss the complaint, or any portion of the complaint, if it is frivolous, malicious, or fails to state a claim upon which relief may be granted; or seeks monetary relief from a defendant who is immune to such relief. 28 U.S.C. § 1915A.

3

In its frivolity review, this Court must determine whether a complaint raises an indisputably meritless legal theory or is founded upon clearly baseless factual contentions, such as fantastic or delusional scenarios. Neitzke v. Williams, 490 U.S. 319, 327-28 (1989). Furthermore, a pro se complaint must be construed liberally. Haines v. Kerner, 404 U.S. 519, 520 (1972). However, the liberal construction requirement will not permit a district court to ignore a clear failure to allege facts in his Complaint which set forth a claim that is cognizable under federal law. Weller v. Dep't of Soc. Servs., 901 F.2d 387 (4th Cir. 1990).

## III. DISCUSSION

To state a claim under § 1983, a plaintiff must allege that he was deprived of a right secured by the Constitution or laws of the United States, and that the alleged deprivation was committed by a "person" acting under color of state law. See 42 U.S.C. § 1983; Am. Mfrs. Mut. Ins. Co. v. Sullivan, 526 U.S. 40, 49-50 (1999); Health & Hosp. Corp. of Marion Cnty. v. Talevski, 599 U.S. 166 (2023).

The body of the Complaint contains allegations against individuals who are not named as defendants in the caption as required by Rule 10(a) of the Federal Rules of Civil Procedure. [See, e.g., Doc. 1 at 5 (referring to Christopher Terry and Roy Cooper)]; Fed. R. Civ. P. 10(a) ("The title of the

4

complaint must name all the parties[.]"); Myles v. United States, 416 F.3d 551 (7th Cir. 2005) ("[T]o make someone a party the plaintiff must specify him in the caption and arrange for service of process."); Perez v. Humphries, No. 3:18-cv-107-GCM, 2018 WL 4705560, at *1 (W.D.N.C. Oct. 1, 2018) ("A plaintiff's failure to name a defendant in the caption of a Complaint renders any action against the purported defendant a legal nullity."). The allegations directed at individuals not named as Defendants are therefore dismissed without prejudice.

The Plaintiff purports to name as Defendants a North Carolina judge and prosecutor. Judges are immune from suit under the doctrine of judicial immunity. See Stump v. Sparkman, 435 U.S. 349, 359 (1996) ("A judge is absolutely immune from liability for his judicial acts even if his exercise of authority is flawed by the commission of grave procedural errors."); Imbler v. Pachtman, 424 U.S. 409, 419 (1976) (stating that judicial "immunity applies even when the judge is accused of acting maliciously and corruptly, and it is not for the protection or benefit of a malicious or corrupt judge, but for the benefit of the public, whose interest it is that the judges should be at liberty to exercise their functions with independence and without fear of consequences") (internal quotations omitted). Prosecutors are immune from suit under the doctrine of

prosecutorial immunity for acts arising out of the exercise of their official functions.[2] Imbler, 424 U.S. at 419. The Plaintiff's claims against Judge Eady-Williams and DA Cossgrove are therefore dismissed as barred by judicial and prosecutorial immunity.

The Plaintiff also purports to sue his criminal defense attorney, Susan Surles. However, the Plaintiff makes no factual allegations to support the contention that Defendant Surles was acting under the color of state law at any time. See generally Polk County v. Dodson, 454 U.S. 312, 325 (1981) ("a public defender does not act under the color of state law when performing a lawyer's traditional functions as counsel to a defendant in a criminal proceeding."); Fleming v. Asbill, 42 F.3d 886, 890 (4th Cir. 1994) ("Private lawyers do not act 'under the color of state law' merely by making use of the state's court system."). Accordingly, the claims against Defendant Surles are dismissed.

The Plaintiff names Sheriff McFadden as a Defendant in his official and individual capacities. The Plaintiff's allegations against Sheriff McFadden are so vague and conclusory that they fail to satisfy the most basic pleading requirements. See Fed. R. Civ. P. 8(a)(2) (requiring a "short and plain

---

[2] The Plaintiff's request for damages against these Defendants in their official capacities are also barred by sovereign immunity. See Will v. Dep't of State Police, 491 U.S. 58, 71 (1989); Ballenger v. Owens, 352 F.3d 842, 844-45 (4th Cir. 2003).

6

Case 3:24-cv-00501-MR   Document 8   Filed 07/30/24   Page 6 of 9

statement of the claim showing that the pleader is entitled to relief"); Simpson v. Welch, 900 F.2d 33, 35 (4th Cir. 1990) (conclusory allegations, unsupported by specific allegations of material fact are not sufficient); Dickson v. Microsoft Corp., 309 F.3d 193, 201-02 (4th Cir. 2002) (a pleader must allege facts, directly or indirectly, that support each element of the claim). Accordingly, the claims against Defendant McFadden are dismissed without prejudice.

Finally, the Plaintiff seeks the removal of his criminal charges; however, this claim is not cognizable in a civil rights action. "[W]hen a state prisoner is challenging the very fact or duration of his physical imprisonment, and the relief he seeks is a determination that he is entitled to immediate release or a speedier release from that imprisonment, his sole federal remedy is a writ of habeas corpus." Preiser v. Rodriguez, 411 U.S. 475, 500 (1973); see generally 28 U.S.C. §§ 2241, 2254. Thus, to the extent that the Plaintiff is seeking to challenge the fact or duration of his confinement, he must do so, if at all, in a separate civil action.[3]

---

[3] The Court makes no determinations about the potential merit or procedural viability of such an action.

## IV. CONCLUSION

For the foregoing reasons, the Court concludes that Plaintiff's Complaint fails initial review and will be dismissed without prejudice. The Court will allow the Plaintiff thirty (30) days to amend his Complaint, if he so chooses, to properly state a claim upon which relief can be granted, in accordance with the terms of this Order. Any amended complaint will be subject to all timeliness and procedural requirements and will supersede the Complaint. Piecemeal amendment will not be permitted. Should the Plaintiff fail to timely amend his Complaint in accordance with this Order, the Court will dismiss this action without further notice.

## ORDER

**IT IS, THEREFORE, ORDERED** that:

1. The Complaint [Doc. 1] is **DISMISSED WITHOUT PREJUDICE**.

2. The Plaintiff shall have **thirty (30) days** in which to amend his Complaint in accordance with the terms of this Order. If the Plaintiff fails to so amend his Complaint, this case will be dismissed and closed without further notice.

The Clerk is respectfully instructed to mail the Plaintiff a blank § 1983 prisoner complaint form and a copy of this Order.

**IT IS SO ORDERED**.

Signed: July 30, 2024

Martin Reidinger
Chief United States District Judge