IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF NORTH CAROLINA
CHARLOTTE DIVISION
CIVIL CASE NO. 3:24-cv-00501-MR

| | |
|---|---|
| **ANUNEAKAS A. BARNETTE,** ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| vs. ) | |
| ) | |
| **KAREN EADY-WILLIAMS, et al.,** ) | **ORDER** |
| ) | |
| Defendants. ) | |
| _____ ) | |

**THIS MATTER** is before the Court on initial review of the pro se Amended Complaint [Doc. 9]. The Plaintiff is proceeding in forma pauperis. [Doc. 7].

**I.     BACKGROUND**

The pro se Plaintiff, who is presently a pre-trial detainee at the Mecklenburg County Detention Center, filed this civil rights action pursuant to 42 U.S.C. § 1983.[1] On July 30, 2024, the Court dismissed the Complaint on initial review, and the Plaintiff was granted the opportunity to amend. [Doc. 8]. The Amended Complaint is now before the Court for initial review. [Doc. 9].

---

[1] The case was originally filed in the United States District Court for the Eastern District of North Carolina; it was transferred to this District, where venue lies. [Docs. 1, 4].

The Plaintiff again names as Defendants Susan Surles, his criminal defense attorney; Judge Karen Eady-Williams, a North Carolina Superior Court judge; Spencer B. Merriweather III, the district attorney for Mecklenburg County; and Dallas Pastirik, an assistant district attorney.[2] [Doc. 9 at 2-3].

He claims that the Defendants violated his Fourth, Fifth, Eighth, and Fourteenth Amendment rights in the following ways: Judge Eady-Williams delayed his bond hearing, imposed excessive bond, refused to replace his appointed counsel, denied him a "fair chance period in the court to go home lost all," and "judged" him for "something [he] done [his] time for 20 years ago…" [id. at 5]; attorney Surles failed to get him a swift bond hearing, could not come see him because her driver's license had expired, failed to give him his indictments and file motions, is "working together" with the "DA," refuses to acknowledge that certain charges were dismissed, yells and argues with him, and has done nothing to get him out of "mental health" [id. at 6]; and DA Merriweather and ADA Pastirik are allowing charges to stand against the Plaintiff unlawfully, drew up documents without proper

---

[2] He names Defendant Surles in her individual capacity and the remaining Defendants in their official capacities.

signatures, failed to give Plaintiff his indictments, are working with his attorney, and are breaking the law and violating his rights [id. at 7]. As injury, the Plaintiff alleges:

> My mental state has gotten worst I'm on more medications, some the jail don't treat. My over all health is bad I got a issue I've had with my testicles that stay like something is kicking me all the time something they don't treat.

[Id. at 8] (errors uncorrected). The Plaintiff seeks damages and for the Defendants to be "held accountable for their actions" and to be "put in [Plaintiff's] shoes…" [Id.].

## II. STANDARD OF REVIEW

Because the Plaintiff is proceeding in forma pauperis, the Court must review the Amended Complaint to determine whether it is subject to dismissal on the grounds that it is "frivolous or malicious [or] fails to state a claim on which relief may be granted." 28 U.S.C. § 1915(e)(2). Furthermore, under § 1915A the Court must conduct an initial review and identify and dismiss the complaint, or any portion of the complaint, if it is frivolous, malicious, or fails to state a claim upon which relief may be granted; or seeks monetary relief from a defendant who is immune to such relief. 28 U.S.C. § 1915A.

In its frivolity review, this Court must determine whether a complaint raises an indisputably meritless legal theory or is founded upon clearly

3

baseless factual contentions, such as fantastic or delusional scenarios. Neitzke v. Williams, 490 U.S. 319, 327-28 (1989). Furthermore, a pro se complaint must be construed liberally. Haines v. Kerner, 404 U.S. 519, 520 (1972). However, the liberal construction requirement will not permit a district court to ignore a clear failure to allege facts in his Complaint which set forth a claim that is cognizable under federal law. Weller v. Dep't of Soc. Servs., 901 F.2d 387 (4th Cir. 1990).

**III. DISCUSSION**

The Plaintiff again asserts claims against a North Carolina judge and prosecutors, as well as his own criminal defense attorney. Defendants Eady-Williams, Merriweather, and Pastirik are immune from suit, and Defendant Surles is not a state actor under § 1983, for the same reasons that were discussed in the Order on initial review of the Complaint [See Doc. 8 at 5-6].

It appears that the Plaintiff is attempting to avoid dismissal by contending that the prosecutors and his attorney are "working together." [Doc. 9 at 7]. An "otherwise private person acts 'under color of' state law when engaged in a conspiracy with state officials to deprive another of federal rights." Tower v. Glover, 467 U.S. 914, 920 (1984) (citing Dennis v. Sparks, 449 U.S. 24, 27-28 (1980)); see also Buckley v. Fitzsimmons, 509 U.S. 259, 273 (1993) (prosecutorial immunity only applies to the extent that

4

prosecutors serve as advocates for the State). To establish a civil conspiracy under § 1983, a plaintiff must show that the defendants "acted jointly in concert and that some overt act was done in furtherance of the conspiracy which resulted in [plaintiff's] deprivation of a constitutional right." Hinkle v. City of Clarksburg, 81 F.3d 416, 421 (4th Cir. 1996); see Hafner v. Brown, 983 F.2d 570, 576 n. 6 (4th Cir. 1992). An essential element in any conspiracy to deprive the plaintiff of his constitutional rights is an agreement to do so among the alleged co-conspirators. Ballinger v. North Carolina Ag. Extension Serv., 815 F.2d 1001 (4th Cir. 1987) (1985 case). Without such a meeting of the minds, the independent acts of two or more wrongdoers does not amount to a conspiracy. Murdaugh Volkswagen v. First Nat'l Bank, 639 F.2d 1073 (4th Cir. 1981). Where the complaint makes only conclusory allegations of a conspiracy under § 1983 and fails to demonstrate any agreement or meeting of the minds among the defendants, the court may properly dismiss the complaint. See Woodrum v. Woodward County Okl., 866 F.2d 1121 (9th Cir. 1989); Cole v. Gray, 638 F.2d 804 (5th Cir. 1981). General allegations that defendants entered into an agreement, without sufficiently alleging plausible grounds to infer such an agreement, fail to state

5

a § 1983 conspiracy claim. Wiggins v. 11 Kew Garden Court, 497 F. App'x 262 (4th Cir. 2012).

Here, the Plaintiff's vague and conclusory allegations fail to plausibly demonstrate the existence of a conspiracy between the prosecutors and attorney Surles. As such, the Plaintiff's claims against these Defendants cannot proceed for the same reasons discussed on initial review of the Complaint. [Doc. 8 at 5-6].

Even if the Plaintiff had named a Defendant against whom this action could proceed, the Amended Complaint would fail initial review because the Plaintiff's citation to the Fourth, Fifth, Eighth, and Fourteenth Amendments and his vague and conclusory allegations expressing dissatisfaction with the state court proceedings do not state any plausible § 1983 claim. See Fed. R. Civ. P. 8(a)(2) (requiring a "short and plain statement of the claim showing that the pleader is entitled to relief"); Simpson v. Welch, 900 F.2d 33, 35 (4th Cir. 1990) (conclusory allegations, unsupported by specific allegations of material fact are not sufficient); Dickson v. Microsoft Corp., 309 F.3d 193, 201-02 (4th Cir. 2002) (a pleader must allege facts, directly or indirectly, that support each element of the claim); [see also Doc. at 8 (discussing habeas corpus)].

6

Case 3:24-cv-00501-MR   Document 10   Filed 09/25/24   Page 6 of 7

The Court will dismiss this action with prejudice because the Plaintiff has already been allowed to amend his Complaint once and has again failed to state a claim for relief. See Green v. Wells Fargo Bank, N.A., 790 F. App'x 535, 536 (4th Cir. 2020).

## IV. CONCLUSION

In sum, the Amended Complaint fails initial review pursuant to 28 U.S.C. §§ 1915(e)(2)(B)(i)-(iii) and 1915A, and this action is dismissed with prejudice.

## ORDER

**IT IS, THEREFORE, ORDERED** that the Amended Complaint [Doc. 9] fails initial review, and this action is **DISMISSED WITH PREJUDICE**.

**IT IS SO ORDERED.**

Signed: September 25, 2024

Martin Reidinger
Chief United States District Judge